IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUINTIN KELLY, #352736        *
    Plaintiff,
v.                                    *    CIVIL ACTION NO. RDB-17-765

JOHN MCCARTHY                         *
KATHY KNIGHT
STATE OF MARYLAND                     *
    Defendants.
                                        *****

**MEMORANDUM OPINION**

On March 20, 2017, Plaintiff Anthony Quintin Kelly, who is currently confined at the North Branch Correctional Institution, filed this 42 U.S.C. § 1983 civil rights action seeking declaratory and injunctive relief, as well as compensatory, monetary and punitive damages against the State of Maryland, Montgomery County, Maryland State's Attorney John McCarthy, and Assistant State's Attorney Kathy Knight. He alleges that he was subject to malicious prosecution, false arrest, and false imprisonment when Defendants acted with "evil motive" or "callous[ness]" to his constitutional rights by indicting, prosecuting, and sentencing him. ECF No. 1. Although Kelly claims his Complaint was accompanied by a Motion for Leave to Proceed In Forma Pauperis, no indigency motion was attached to the filing. The Complaint shall nonetheless be summarily dismissed.

The state court docket shows that in October of 2002, Kelly was charged with first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433 (Cir. Ct. for Montgomery Cnty.). In May of 2003, he was charged with first degree rape and robbery with a dangerous and deadly weapon in *State v. Kelly*, Case No. 97760 (Cir. Ct. for Montgomery Cnty.). Also in May of 2003, he was charged with two counts of murder, first-degree burglary, robbery with a dangerous and deadly weapon, two counts of use of a

firearm in the commission of a felony/violent crime, second-degree burglary, and theft in *State v. Kelly*, Case No. 97749C (Cir. Ct. for Montgomery Cnty.). At the conclusion of pre-trial hearings, on June 3, 2004, Kelly was declared incompetent to stand trial in all three cases. On February 5, 2008, however, the Circuit Court determined that Kelly was competent to stand trial in all three cases. On June 11, 2008, a jury found Kelly guilty by a jury of first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. On July 2, 2008, a jury found him guilty of first-degree rape in *State v. Kelly*, Case No. 97760C. On August 4, 2008, a jury found Kelly guilty of two counts of first-degree murder, first-degree burglary, armed robbery, and two counts of use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 97749C. On September 8, 2008, Kelly was sentenced in all three cases to four consecutive life sentences plus additional twenty- and eighty-year consecutive terms.

Kelly noted a *pro se* appeal from all three judgments of conviction to the Court of Special Appeals of Maryland. On July 10, 2009, the appeals were dismissed on grounds of non-compliance with the rules of appellate procedure. Kelly's request for further review of the dismissal of his appeal was denied by the Court of Appeals of Maryland on July 21, 2009. His reconsideration request was denied by the Court of Special Appeals on August 31, 2009. *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

Kelly's Complaint for damages may not proceed for a number of reasons. First, his claim against the prosecutors is not colorable. Both McCarthy and Knight are immune from Kelly's § 1983 claims for damages. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler*

2

v. *Pachtman*, 424 U.S. 409, 430-31 (1976); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Decisions regarding whether and who to prosecute fall within those prosecutorial functions.

Further, a § 1983 lawsuit may not be filed against the State of Maryland. Neither a state nor an agency of a state is a Aperson@ within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep=t of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the State of Maryland is immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).[1]

Finally, to the extent that Kelly's civil rights claim raises a challenge to the constitutionality of his incarceration, it is not appropriately before the Court. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) a claim challenging a prosecution is barred, as a judgment in Kelly's favor would necessarily imply the invalidity of his criminal convictions. See also *Edwards v. Balisok*, 520 U.S. 641 (1997).

For the aforementioned reasons, Kelly's Complaint shall be dismissed for the failure to state a claim.

---

[1] To the extent that Kelly's civil rights claim for damages raises a challenge to the constitutionality of his incarceration, it is not appropriately before the Court. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) a claim for damages challenging a prosecution is barred, as a judgment in Kelly's favor would necessarily imply the invalidity of his criminal convictions.

Date: MARCH 21, 2017

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

4